NOT DESIGNATED FOR PUBLICATION

No. 123,582

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

YVETTE COLLIER,
*Appellant*.


MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed November 12, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., CLINE and HURST, JJ.

PER CURIAM: Yvette Collier appeals the district court's revocation of her probation and the imposition of her underlying prison sentence. She asserts the district court abused its discretion by revoking her probation.

We granted Collier's unopposed motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). After reviewing the record on appeal and finding no error, we affirm the district court's decision.

1

FACTUAL AND PROCEDURAL BACKGROUND

Collier pled no contest to possession of methamphetamine (a severity level 5 nonperson drug felony) and one count of possession of marijuana (a class B nonperson misdemeanor) pursuant to a plea agreement. As part of that agreement, the State amended down one of the original charges, agreed to recommend the presumptive sentence, and moved to dismiss an additional case in which Collier was charged with felony interference with a law enforcement officer. The district court accepted Collier's no-contest plea, imposed a 15-month suspended sentence of imprisonment, and ordered 12 months' probation.

One month later, Collier tested positive for methamphetamine. She admitted the violation and accepted a "quick dip" sanction requiring her to spend two days in the McPherson County Jail. Six months later, the district court ordered Collier to serve a 120-day sanction in the Department of Corrections after she violated probation by leaving an outpatient treatment program and repeatedly testing positive for marijuana and methamphetamine. The district court ordered Collier's probation to continue after the sanction was completed. Then, three months after that, Collier admitted to violating her probation again after testing positive for methamphetamine. She accepted a three-day sanction in the McPherson County Jail for this violation.

The State filed two new motions to revoke Collier's probation a few months later. The State alleged that Collier violated the terms of her probation by missing drug tests, admitting to using marijuana and methamphetamine, and testing positive for marijuana and methamphetamine.

At the hearing regarding these alleged violations, the State's evidence included three signed documents from Collier admitting to drug use in August, September, and

October 2019. The district court found Collier violated the terms of her probation. The court revoked her probation and imposed her original 15-month prison sentence.

ANALYSIS

On appeal, Collier argues the district court erred by imposing her original sentence after revoking her probation. We review district court decisions to revoke probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). "A trial court abuses its discretion when it makes a decision that is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. [Citation omitted.]" *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party alleging an abuse of discretion bears the burden of proof. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Under K.S.A. 2017 Supp. 22-3716, Kansas courts must impose intermediate sanctions before revoking a defendant's probation. K.S.A. 2017 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). Potential intermediate sanctions at the time Collier committed her crimes included a 2- or 3-day stay in county jail, a 120-day term in prison, or a 180-day term in prison. K.S.A. 2017 Supp. 22-3716(c)(1)(B), (c)(1)(C), (c)(1)(D). Courts have the discretion to revoke a defendant's probation and impose the defendant's original sentence only after requiring the defendant to complete a county jail sanction and a prison sanction. *State v. Mullens*, No. 119,467, 2019 WL 166639, at *1-2 (Kan. App. 2019) (unpublished opinion) (revoking defendant's probation after 3-day jail sanction and 180-day prison sanction); see K.S.A. 2017 Supp. 22-3716(c)(1)(E).

During Collier's last probation revocation hearing, the district court explained:

"Well, Ms. Collier, it sounds like you've had a tough time, but I'm looking back on your record. You've had five prior convictions. One of those was a serious drug conviction and so you know what's expected when you're placed on probation. You've had several sanctions. You started off with a 48-hour sanction on your motion to revoke probation the first time. The court gave you a 120-day sanction with the Department of Corrections and then you were given another 3-day sanction later on."

The court concluded by stating reinstating probation would be ineffective "because the welfare cannot be served by any further sanctions."

Since Collier served 2-day and 3-day sanctions in the McPherson County Jail, as well as a 120-day sanction in prison, the district court had the legal authority to revoke her probation. Moreover, its decision to revoke probation under these circumstances was reasonable. We therefore find the district court did not abuse its discretion by revoking Collier's probation and imposing her prison sentence.

Affirmed.